UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA,

                            Plaintiff,

      -against-                    13 Cr. 654-3 (RWS)

                                    SENTENCING
NAQUAN JONES,                      OPINION

                            Defendant.

------------------------------------------X

**Sweet, D.J.**

On November 12, 2014, Naquan Jones ("Jones" or "Defendant") pled guilty to conspiring to distribute and possess with intent to distribute narcotics. For the reasons set forth below, Jones will be sentenced to 60 months' imprisonment followed by three years' supervised release, subject to the scheduled sentencing hearing on May 28, 2015. Jones is also required to pay a special assessment of $100.

**Prior Proceedings**

Defendant was named in a one-count superseding indictment (the "Indictment") filed in the Southern District of New York on November 13, 2013. The first and only count of the Indictment charges that from 2012 through November 2013, in the

Southern District of New York and elsewhere, Jones and others conspired to distribute and possess with intent to distribute 280 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); and mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(C) ("Count 1").

The Indictment further indicates that as a result of committing the offense charged in Count 1, Jones shall forfeit to the United States any property constituting or derived from proceeds of the offense and any property used or intended to be used to commit or facilitate it.  If any of the property subject to forfeiture cannot be located upon the exercise of due diligence, has been transferred to a third party, has been placed beyond the Court's jurisdiction, has been substantially diminished in value, or has been commingled with other property, it is the intention of the Government to seek forfeiture of any other property of Defendant up to the value of the forfeitable property.  See 21 U.S.C. § 853.

On October 1, 2014, Jones pled guilty to the lesser-included offense of conspiracy to distribute narcotics, pursuant to a plea agreement which stipulates the following:

**Offense Level**

- The November 1, 2014 Guidelines manual applies in this case.

- The sentencing guideline applicable to Count 1 of the Indictment is U.S.S.G. § 2D1.1.

- Pursuant to U.S.S.G. § 2D1.1(a)(5) and 2D1.1(c)(8), the base offense level is 24 because the defendant was responsible for the distribution of at least 28 grams but less than 112 grams of cocaine base.

- Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

- In accordance with the above, the applicable Guidelines offense level is 21.

**Criminal History Category**

- Based upon the information available to the Government (including representations by the defense), the defendant has 10 criminal history points. Accordingly, the defendant's Criminal History Category is V.

**Sentencing Range**

- Based upon the calculations set forth above, the defendant's stipulated guideline range is 70 to 87 months' imprisonment (the

"Stipulated Guidelines Range"). In addition, after determining Defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. §5E1.2. At Guidelines level 21, the applicable fine range is $7,500 to $1,000,000.

- The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party suggest that the Probation Officer consider such a departure or adjustment under the Guidelines, or suggest that the Court consider any such departure or adjustment.

- The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range, suggest that the Probation Office consider a sentence outside of the Stipulated Guidelines Range, and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. 3553(a).

Defendant is scheduled to be sentenced on May 28, 2015.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through

consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

Jones is a mid-level drug dealer in a crack cocaine and heroin distribution ring based out of the Louis H. Pink Houses in the East New York section of Brooklyn. Between 2012 and November 2013, agents of the Bureau of Alcohol, Tobacco, and Firearms conducted more than 130 undercover buys from the drug ring, amounting to more than 200 grams of crack and more than 30 grams of heroin. One of those sales took place in Manhattan in

May, 2013. Jones' role was to negotiate sales with customers, while the actual product would be delivered by two dealers who worked for him, Steven Nixon and Shakeem Boykins. Jones was personally involved in the sale of more than 35 "dime bags" of crack to undercover agents in March 2013. Jones reported to the leader of the conspiracy, Laron Mosley, and his right-hand man, Raquel Dunton. The government views Jones as responsible for distributing between 28 and 112 grams of crack cocaine.

**The Relevant Statutory Provisions**

The maximum term of imprisonment is 20 years. 21 U.S.C. §§ 841(b)(1)(C), 846.

The Court must impose a term of supervised release of at least three years. 21 U.S.C. § 841(b)(1)(C).

Defendant is not eligible for probation. 21 U.S.C. § 841(b)(1)(C).

The maximum fine is $1,000,000. 21 U.S.C. § 841(b)(1)(C). A special assessment of $100 is mandatory pursuant to 18 U.S.C. § 3013(a)(2).

**The Guidelines**

The November 1, 2014 edition of the <u>United States Sentencing Commission Guidelines Manual</u> has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for 21 U.S.C. § 846 offenses is found in U.S.S.G. § 2D1.1 of the guidelines. That section provides that an offense involving at least 28g but less than 112g of cocaine base has a base offense level of 24. U.S.S.G. § 2D1.1(c)(8).

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a). Defendant has also assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. U.S.S.G. § 3E1.1(b). These adjustments result in an offense level of 21.

Jones has four previous criminal convictions, one of which occurred before he turned 18. On September 24, 2002, he was adjudicated a youthful offender in Kings County Criminal Court and sentenced three years' probation. On March 25, 2004, he was sentenced to 30 days in prison for violating that

probation.  Pursuant to U.S.S.G. § 4A1.2(d), this conviction warrants no criminal history points because the offense was committed before Jones turned 18 and occurred more than five years before the commencement of the instant offense.

On February 22, 2005, he was convicted in Brooklyn and sentenced to one year in prison for criminal possession of a loaded firearm in the third degree.  Pursuant to U.S.S.G. § 4A1.1(b), this conviction warrants two criminal history points.

On July 10, 2007, he was convicted in Kings County Supreme Court and sentenced to eighteen months to three years' imprisonment and a five year order of protection for attempted robbery in the third degree.  Pursuant to U.S.S.G. § 4A1.1(a), this conviction warrants three criminal history points.

On November 12, 2009, he was convicted in the United States District Court for the Eastern District of New York and sentenced to 37 months in prison and three years' supervised release for being a felon in possession of a firearm.  Pursuant to U.S.S.G. § 4A1.1(a), this conviction warrants three criminal history points.

Because the Defendant committed the instant offense while under his term of supervised release from his 2009 conviction, two points are added pursuant to U.S.S.G. § 4A1.1(d).

Pursuant to the sentencing table at Chapter 5, Part A of the Guidelines, ten criminal history points establishes a criminal history category of V. Based on a total offense level of 21 and a criminal history category of V, the guideline range of imprisonment is 70 to 87 months.

The guideline range for a term of supervised release is three years. 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 5D1.2(c).

Defendant is not eligible for probation because his applicable guideline range falls in Zone D of the Sentencing Table in Chapter Five of the guidelines. U.S.S.G. § 5B1.1, application note 2.

The fine range for this offense is $7,500 to $1,000,000. U.S.S.G. § 5E1.2; 21 U.S.C. § 841(b)(1)(C). Costs of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider,

among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is

determined that a Guidelines sentence is not warranted in the instant case.

Jones' letter to the Court, combined with the submissions that arrived from his friends and family, paint a picture of a man who may have been on the cusp of turning his life around. The PSR indicates that after being released from prison, he found sporadic employment and ultimately a full-time job in construction. It seems that he had started to build a life with his fiancee, and to take responsibility as a father to his eight year-old daughter. According to his letter to the Court, he became involved in the drug ring in part because of frustration over his difficulties in providing for his daughter and fiancee through legitimate means, and was seeking "quick, easy money." It is possible that his letter, and those of his friends and family, are dishonest and self-serving, but perhaps more than any other member of this drug conspiracy Jones has a life and a community to return to, and a good chance at not recidivating. A small but significant downward departure to 60 months in prison seems to be warranted, a sentence that also has the benefit of being roughly proportional with those of Wesley Jones and Zaquan Wertz, codefendants who played roughly equivalent roles in the conspiracy.

**The Sentence**

For the instant offense, Jones shall be sentenced to 60 months' imprisonment to be followed by three years' supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Not possess a firearm or destructive device.

(4) Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether Defendant has reverted to using drugs or alcohol.  The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the probation officer.  Defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

(2) Defendant shall participate in an alcohol aftercare treatment program under a co-payment plan, which may

           include testing via breathalyzer at the direction and discretion of the probation officer.

(3) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(4) Defendant shall provide the probation officer with access to any requested financial information.

(5) Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

(6) Defendant is to be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States. See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1963(a).

Defendant is ineligible for voluntary surrender.

It is so ordered.

New York, NY
May 30, 2015

_____
ROBERT W. SWEET
U.S.D.J.